### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:26-cr-24** |
| | : | |
| **NESHAUN WALLS,** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **Defendant.** | : | |

### OPINION & ORDER

This matter comes before the Court on Defendant Neshaun Walls's Motion for Review of the Magistrate Judge's Order of Detention. (ECF No. 49). On March 24, 2026, Magistrate Judge King ordered Defendant Neshaun Walls to be detained pending trial. (ECF No. 48). In his Motion filed on March 27, 2026, Walls asserts that this Court should review and overrule that Order (hereinafter, the "Detention Order"). (ECF No. 49). This Court held an arraignment hearing on April 10, 2026, during which the parties discussed their positions on the Detention Order.

For the reasons set forth below, Defendant's Motion is **GRANTED**. (ECF No. 49).

### I. BACKGROUND

#### A. Factual Summary of the Instant Offense

On March 20, 2026, an arrest warrant was issued for Mr. Walls on a multi-defendant seven count indictment charging him with Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349 [Count One], Unlawful Possession of a United States Postal Service Key, in violation of 18 U.S.C. § 1704 [Count Six], and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) [Count Seven]. (ECF No. 17at 1–6). According to the Government, on December 11, 2025, Gahanna Police spotted Walls and his co-defendant, Jordan McCorvey, sitting in a vehicle

1

in a parking lot. (ECF No. 52 at 2). When officers approached both men fled law enforcement in the vehicle, and then continued fleeing on foot; however, police eventually located Walls in a nearby bar. (*Id.*). Walls was found inside the bar playing pool and the jacket he was seen wearing while fleeing had been discarded nearby. (*Id.*). Investigators found a U.S. postal key and a loaded Glock 9mm pistol inside the jacket. (*Id.*). While in the bar, Walls denied knowledge of the jacket and its contents but later admitted to knowing the firearm was in the jacket. (*Id.*).

The United States Probation and Pretrial Services Office produced a Presentence Investigation Report ("PSR") detailing Mr. Walls's criminal history and other relevant history on his personal life, health, and finances. (ECF No. 46). The PSR indicated that Mr. was employed at Comtex for one year and at CleanTurm for one year following his release from prison in 2020. (*Id.* at 2). It also detailed an extensive criminal history:

- September 2016—drug trafficking (disposition unknown)
- February 2017—OVI – impaired (180 days jail; 177 suspended; 3 years probation)
- March 2017—illegal processing of dug document (6 months incarceration)
- July 2017—conspiracy to commit bank fraud (24 months incarceration, 5 years supervised release, special assessment, and restitution)
- November 2017—OVI – impaired (Physical Control; fine. Maryhaven Education and Safety Academy (MESA) or 10 days jail)
- September 2018—Robbery (specification: displayed or brandished firearm) (Guilty to amended charge Robbery (no specification), two years incarceration)
- These offenses include one failure to appear at trial and multiple failures to comply with treatment or supervised release terms.

(*Id.* at 3–8).

The PSR opined that Mr. Walls poses a risk of non-appearance in court given his prior failure to appear, his substance abuse history, mental health concerns, and his lack of employment. (*Id.* at 8–9). The PSR also concluded that Mr. Walls poses a risk of danger to the community given the nature of the instant offenses, his criminal history which includes prior fraud, drug offenses, and crimes of violence, mental health and substance abuse history, and prior non-compliance with

supervision. (*Id.* at 9). The PSR recommended that Mr. Walls be detained without bond as there is no condition or combination of conditions that will reasonably assure his appearance as required and the safety of the community. (*Id*. at 9).

### B.  Detention Hearing

Magistrate Judge King held a detention hearing on March 24, 2026. (ECF No. 48). Magistrate Judge King found that there was no condition or combination of conditions that would reasonably assure the safety of the community and reasoned that the weight of the evidence, Walls's history of alcohol and substance abuse, and Walls's prior violations of supervised release. Magistrate Judge King also noted "[d]efendant is charged with a firearm offense, his criminal history includes two prior felony convictions and failure to comply with terms of pretrial release resulting in revocation of bail) and of supervised release, and he continues to use a controlled substance on a regular basis." (*Id.*).

### C.  Walls's Motion for Reconsideration of the Detention Order

On March 27, 2026, Walls filed his Motion for Review of the Detention Order. (ECF No. 49). On March 31, 2026, the Government filed its Opposition Motion. (ECF No. 52).

### D.  The Detention Hearing

On April 10, 2026, this Court held an detention hearing during which the parties addressed Walls's Motion. (ECF No. 56). The Government argued that this Court should maintain the Detention Order.

On the other hand, Mr. Walls noted his history of substance abuse related issues and implored that this Court consider alternative options to detention that ensure he can continue receiving treatment. Mr. Walls argued that the Magistrate Judge failed to consider alternative options to detention in light of the circumstances. The Government responded that given this Court

must consider the history and characteristics of the Defendant, Walls is not entitled to reconsideration of his detention status. The Government articulated that Wall's lengthy history shows that he is still a danger. Further, the Government argued that Walls is a flight risk considering that he fled during his December 11, 2026, arrest, and he has a prior history of failing to appear.

After considering the parties' arguments, this Court continued this matter until Pre-Trial Services informs the court of the alternative detention options available. (ECF No. 56). On April 13, 2026, U.S. Pretrial Services informed this Court that Talbott Hall has secured a spot for Mr. Walls in its thirty-day residential treatment program. This Court will now assess the parties' arguments regarding the pending Motion.

## II.    STANDARD OF REVIEW

This Court reviews a magistrate judge's detention order *de novo*. *United States v. Ledbetter*, 2015 WL 5047994, at *1 (S.D. Ohio Aug. 27, 2015) (Marbley, J.). Sections 3142 and 3145 of title 18, United States Code, instruct whether pre-trial release is proper.

Under 18 U.S.C. § 3142, a defendant shall be released pending trial as long as conditions can be set that will reasonably assure the defendant's appearance and community safety. In other words, to justify detaining the defendant pending trial, this Court must find that no set of conditions adequately control the risk of flight or danger that would result from release. *Id.* §§ 3142(b), (e); *United States v. Hodge*, 2017 WL 1546483, at *2 (S.D. Ohio May 1, 2017) (Marbley, J.).

The relevant factors in determining whether there are conditions of release that will reasonably assure the defendant's appearance without jeopardizing the safety of the community are as follows: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature

4

and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)–(4). This Court has previously noted that 18 U.S.C. § 3142(e) contains a rebuttable presumption that adequate release conditions cannot be devised for defendants charged with serious drug and firearm offenses. 18 U.S.C. § 3142(e); *Hodge*, 2017 WL 1546483, at *2.

### III.  LAW & ANALYSIS

In his Motion, Mr. Walls argues that Magistrate Judge King failed to give due consideration to options available to address his addiction while awaiting trial. (ECF No. 49). As support that there exists a combination of conditions that will assure his appearance and the safety of the community, Mr. Walls notes that he is a product of the Columbus City School system, his family resides in Columbus, and he has children with whom he has frequent and regular contact. (*Id.* at 2). He also highlights that during the time between his two arrests related to this matter, he never made any attempt to flee the jurisdiction of this Court, conceal his identification, or interfere with this investigation. (*Id.*). Ultimately, Mr. Walls highlights that alternative options such as placement at a residential facility like Alvis House, or electric monitoring would be sufficient.

The Government responds that Magistrate Judge King appropriately issued the Detention Order after considering both parties' evidence. (ECF No. 52 at 4). The Government also contends that Mr. Walls does not here provide any new evidence indicating that the Detention Order was issued in error. (*Id.*). According to the Government, Mr. Walls's need for detention is demonstrated through his lengthy criminal history, history of weapons, violence, prior failures to appear, and violations while on supervision. (*Id.*).

### A.  Nature and Circumstances of the Offense Charged

5

Under 18 U.S.C. § 3142(g), the Court first considers "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1).

The offenses charged in this case are one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), one count of conspiracy to commit bank fraud in violation of 18 U. S.C. § 1349, and one count of Unlawful Possession of a U. S. Postal Key in violation of 18 U.S.C. § 170. (ECF No. 46 at 1). Although the Government does not allege that the firearms in question were used in a dangerous or threatening manner, the possession of a firearm by a prohibited individual is a serious offense that weighs against release.

In *Hodge*, this Court ordered the defendant, Kirtley Hodge, to be detained pending trial although the PSR recommended his release. 2017 WL 1546483. In that case, Hodge had been charged with the illegal possession of firearms and the possession and distribution of narcotics. *Id.* at *2. In its analysis, this Court dismissed as irrelevant Hodge's contentions that the weapons were never used. *Id.* Instead, this Court determined that Hodge's mere possession of firearms as a felon weighed heavily against his release. *Id.* This Court's ultimate decision to detain Hodge, however, was also based on other considerations. This Court determined that Hodge posed a risk of flight and of continued drug distribution based on the record evidence of Hodge's drug distribution activity (comprised of a significant quantity of narcotics and an inexplicably large sum of money that were found in Hodge's home) and Hodge's previous attempts to flee from arrest. *Id.* at *2–3.

In this case, the Government has charged Mr. Walls with the possession of a firearm. Unlike the defendant in *Hodge*, Mr. Walls is not accused of using the firearms, distribution of weapons as a felon, or drug distribution activity. Further, Magistrate Judge King did not find Mr.

Walls to be a flight risk. (ECF No. 52 at 4). Looking to the other counts against Mr. Walls, neither are crimes of violence. *See United States v. Brown*, 601 F.Supp.3d 196, 201 n.1 (W.D. Ky. 2022) ("Congress defined a 'crime of violence' as 'an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'"). Considering the nature and circumstances of Mr. Walls's alleged offenses, this factor weighs against detention.

### B. Weight of the Evidence

This Court next considers the "weight of the evidence against" Mr. Walls. 18 U.S.C. § 3142(g)(2). As explained by the Sixth Circuit, "the weight of evidence against the person 'deals with the factors to be considered in determining whether there are conditions which will assure the appearance of the accused and safety of the community.'" *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010) (quoting *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)).

This Court first considers the weight of the evidence with respect to Mr. Walls's potential flight risk. The PSR contains facts which both support and undermine Mr. Walls's contention that he does not pose a flight risk. On one hand, the PSR notes that Mr. Walls has lived in Ohio his entire life apart from a two-month stint in Texas. (*Id.* at 1). Most of his family resides in Ohio. (*Id.*). Mr. Walls also has a girlfriend and four children. (*Id*. at 2). On the other hand, the PSR reveals that Mr. Walls has a prior instance of failing to appear at trial in 2018. (*Id*. at 4). Notably, however, the PSR indicates that the capias issued for the failure to appear was later recalled. (*Id.*). Based on this history, and Mr. Wall's substance abuse and mental health issues, the PSR concludes that Mr. Walls poses a risk of non-appearance in a court proceeding. (*Id.*). The PSR, however, only contemplates the option of Mr. Wall's release, and not the alternative option of residential treatment. A residential treatment option renders the small risk that Mr. Walls may not appear minimal.

This Court next considers the weight of the evidence with respect to Mr. Walls's potential danger to the community if released. Neither party extensively addresses this issue. The Government's evidence includes the documentation of Mr. Walls's lengthy criminal history provided by the PSR. (ECF No. 52 at 3–4). This court notes, however, that residential treatment facility would mitigate any concerns regarding danger to the community. This Court finds that this factor weighs against traditional detention.

### C. Mr. Walls's History and Characteristics

This Court next considers "the history and characteristics of the person," including the following:

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

18 U.S.C. § 3142(g)(3).

Mr. Walls is 30 years old and appears to maintain strong familial ties, with the PSR noting that he resided with his mother for three to four years following his release from prison and currently resides with his girlfriend of two years. (*Id.* at 1–2). He also maintains regular contact with his four children. (*Id.* at 2). Mr. Walls is currently unemployed. (*Id.*). As mentioned, the PSR also indicates that Mr. Walls has a lengthy history of substance abuse and mental health issues. (*Id.*). Mr. Walls stated he was diagnosed with bi-polar disorder and post-traumatic stress disorder. (*Id.*). To address these issues Mr. Walls's has been receiving treatment at Talbott Hall since 2020 and currently receives medication assisted treatment (Suboxone) every other week. (*Id.* at 3).

This Court next looks to Mr. Walls's criminal history and his "record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Mr. Walls does not make any

8

argument against his criminal history and instead primarily focuses on alternative detention options that can ensure his appearance. As mentioned above, given Mr. Wall's request focuses on alternative detention in a residential treatment facility, any concerns regarding his reappearance are mitigated if he is required to remain under the monitoring of the treatment program.

### D.  Potential Danger to the Community

This Court last considers "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). Considering the same factors that this Court must weigh on this prong, the Pretrial Services Office recommended that Mr. Walls be detained. (ECF No. 46). With respect to the hard work of the Pretrial Services Office in devising its recommendation and crafting a proposed release plan, this Court disagrees.

The accused offense in this case is serious, albeit this Court is not convinced that Mr. Walls poses a threat to the community at large. It is, however, obvious to this Court that disrupting the ongoing treatment of Mr. Walls by upholding this Detention Order may potentially thwart any progress Mr. Walls has made towards sobriety. Given the fact that residential treatment is an option, this Court is not persuaded that there is no set of conditions that would reasonably assure Mr. Walls's appearance and mitigate any potential danger to the safety of the community.

### IV.    CONCLUSION

For good cause shown, it is hereby ordered that the Motion (ECF No. 49) is **GRANTED**. Mr. Walls is hereby **ORDERED RELEASED** to the OSU – Talbott Hall residential treatment program, where he must comply with all program rules and treatment recommendations as directed by United States Pretrial Services. At the conclusion of the residential program, this Court will conduct a new hearing to determine the status of Mr. Walls for the pendency of his pretrial period.

Counsel for Mr. Walls is **DIRECTED** to notify this Court one week prior to the end of Mr. Walls's

treatment program to aid this Court in scheduling the next hearing.

     **IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: April 22, 2026**